

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
DEC 7 2007
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PATRICIA L. FARQUHAR, LINDA K. SALYER, and RHONDA J. BULLARD, <br><br>Plaintiffs, <br><br>v. <br><br>JOINT TECHNOLOGY, INC., an Oklahoma corporation <br><br>Defendant. | No. 05CV10-GKF-PJC <br><br><br><br><br><br><br><br>FILED <br>UNDER SEAL |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
SECOND UNOPPOSED EX PARTE APPLICATION FOR EXTENSION
OF TIME TO CONSIDER ELECTION TO INTERVENE
AND FOR CASE TO REMAIN UNDER SEAL**

The United Sates of America submits this Memorandum of Points and Authorities in support of its second unopposed ex parte application for an order under the False Claims Act, as amended, 31 U.S.C. § 3730 (b)(3), for a four month or one hundred and twenty day extension of time in which to notify this Court of the Government's decision whether to intervene in the above-captioned False Claims Act qui tam action, and during which time the Complaint and all other related filings shall remain under seal. This is the second extension that the Government has requested in this case, and the Relators concur in this request.

I.     **STATEMENT OF FACTS**

The Relators - Patricia L. Farquhar, Linda K. Salyer and Rhonda J. Bullard - through their Amended Complaint, allege that the Defendant is a Medicare and Medicaid provider participating in the federal Government's Medicare and Medicaid health benefit programs. The Complaint alleges that the Defendant submitted false and fraudulent claims for reimbursement to Medicare and Medicaid by inter alia billing the Government for durable medical equipment that Defendant provided to Medicare and Medicaid beneficiaries using false billing diagnosis codes and altering letters of medical necessity to ensure payment from Medicare and Medicaid.

On or about May 25, 2005, the United States sought and was granted an extension of 180 days to and including November 30, 2005, in which to notify the Court of its decision regarding intervention. Just prior to the expiration of said extension period, the United States sought and obtained a stay of this civil qui tam proceeding pending the resolution of a criminal investigation conducted in the Western District of Oklahoma concerning some, but not all, of the allegations in the qui tam complaint.

As set forth in the United States' Status Report filed herein on October 15, 2007, the undersigned were advised in early October, 2007 that the criminal matter had been declined for prosecution. The matters that were investigated criminally in the Western District of Oklahoma are under the cloak of grand jury secrecy. The United States is in the process of attempting to gain access to certain of the information from the criminal investigation. An analysis of documents already obtained pursuant to a search warrant is ongoing with respect to the issues that are peculiar to the civil qui tam complaint. In addition, the United States needs to conduct additional investigation of allegations that were not the subject of the criminal investigation. The

government believes that such inquiry can be concluded within the requested extension of time.

## II. POINTS AND AUTHORITIES

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4 (d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730 (b) (2) and (3) (emphasis added).

The Senate Judiciary Committee explained that:

> Subsection (b) (3) of Section 3730 establishes that the Government may petition the Court for extensions of both the 60-day evaluatory period and the time during which the complaint remains under seal. Extensions will be granted ... on a showing of 'good cause.'

S. Rep. No. 99-345, at 24, reprinted in 1986 U.S.C.C.A.N. 5266, 5289. The United States respectfully submits that it has good cause for an extension in this case. The Government intends to use the extension period to attempt to obtain access to certain information from the criminal investigation and to investigate allegations that were not part of the criminal investigation. The United States plans to interview additional witnesses and to continue to collect and evaluate evidence regarding the Defendants' billing practices and submissions of claims to the Government for Medicare and Medicaid payments.

3

The United States has also moved this Court for an order keeping the Complaint and other filings under seal during the requested extension. The Judiciary Committee's report identifies the sound reasons for keeping qui tam complaints under seal while the Government pursues its requisite investigation, evaluates the evidence and determines whether or not to intervene:

> Keeping the qui tam complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action. . . .
>
> \*          \*          \*
>
> . . .The initial 60-day sealing of the allegations has the same effect as if the qui tam relator had brought his information to the Government and notified the Government of his intent to sue. The Government would need an opportunity to study and evaluate the information in either situation. . .

1986 U.S.C.C.A.N. 5266, 5289.

The same reasoning supports the continuing need to keep the present Complaint and other filings under seal pending the Government's completion of its investigation.

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that its application for a one hundred and twenty day or four month extension of time, from December 10, 2007 to and including Thursday, April 10, 2008, during which the Complaint and other documents filed in this matter shall remain under seal, and during which the United States may evaluate its decision whether to intervene in this action, be granted. The Relators concur in this request.

Respectfully submitted,

**JEFFREY S. BUCHOLTZ**
Acting Assistant Attorney General

**DAVID E. O'MEILIA**
United States Attorney

**PHIL PINNELL**
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119
918-382-2700 (Telephone)
Phil.Pinnell@usdoj.gov

**JOYCE R. BRANDA**
**PATRICIA R. DAVIS**
**ARTHUR S. DI DIO**
Attorneys, Civil Division
U.S. Department of Justice
601 D Street, N.W., Room 9701
Washington, D.C. 20044
Telephone: (202) 307-0275
Fax: (202) 307-3852

DATED: December 7 , 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2007, I caused copies of the foregoing United States' Unopposed Ex Parte Application for Extension of Time to Consider Election to Intervene and for Case to Remain under Seal and Memorandum in Support to be served by first class mail, postage prepaid, on the following:

Charles Chris Vaught
1401 South Cheyenne
Tulsa, OK  74119

Counsel for Relators

**PHIL PINNELL**